DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Joseph P. Gadd, appeals the decision of the Summit County Court of Common Pleas, which granted a default judgment in favor of appellee, Champakbhai Patel, and against appellant. This Court affirms.
 I. {¶ 2} On April 26, 2002, appellant filed an affidavit for a mechanic's lien with the Summit County Recorder's Office. Appellant claimed a lien in the amount of $149,650.00 upon property known as the Best Western Montrose ("the property"), which was owned and operated at that time by a company known as Priyanka, Inc. On September 23, 2002, appellee, for value, took possession of the property and became its sole owner. On November 4, 2002, in order to clear title to the property, appellee filed a Notice to Commence Suit upon the mechanic's lien with the Summit County Sheriff's Department. On November 18, 2002, the Sheriff served appellant with the Notice to Commence Suit according to statutory requirements and the service was recorded with the Summit County Recorder's Office.
 {¶ 3} Appellant failed to commence his suit against appellee within 60 days of being served with the Notice to Commence Suit, as required by R.C. 1311.11(B)(3). On January 27, 2003, appellee filed suit against appellant, requesting declaratory relief and action to quiet title with regard to appellant's mechanic's lien against the property. Appellee's complaint sought to have appellant's mechanic's lien declared invalid and stated the lien was void or voidable because appellant had failed to timely commence a suit regarding it as required by R.C. 1311.11(B)(3).
 {¶ 4} On February 14, 2003, the clerk of courts perfected service of appellee's complaint and a summons upon appellant via regular mail. Appellant failed to file any answer or response by the deadline of March 14, 2003. On March 18, 2003, appellee filed a motion for default judgment and informed the trial court that appellant had failed to answer or respond in any form to appellee's complaint. On March 26, 2003, appellant filed a response to appellee's motion for default judgment. Within his response, appellant claimed the motion for default judgment was based upon false information because he had timely sued appellee and he requested that the motion for default judgment be dismissed. Within appellant's brief response, he referred to pleadings filed in another common pleas court case in which appellant allegedly sued appellee over the mechanic's lien. Appellant did not attach copies of the alleged pleadings or any other documents to his responsive motion. Appellant made no additional filings in the case after his response.
 {¶ 5} On June 4, 2003, the trial court filed its judgment entry in which it granted default judgment in favor of appellee and against appellant. The court ordered the mechanic's lien removed from the property. Appellant timely appealed the trial court's decision, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT HAS ABUSED ITS DISCRETION IN FAILING TO RECOGNIZE PLEADINGS ON THE RECORD WHICH CLEARLY EVIDENCE A SUIT FILED BY THE DEFENDANT AGAINST PLAINTIFF TO PROTECT HIS MECHANIC'S LIEN."
 {¶ 6} In his sole assignment of error, appellant argues the trial court abused its discretion in failing to give judicial notice of alleged pleadings from another case in which appellant claims he sued appellee concerning appellant's mechanic's lien. Appellant's argument is without merit.
 {¶ 7} This Court has stated that "[t]rial courts will not take judicial notice of their own proceedings in other cases, even though between the same parties and even though the same judge presided." State v. Hill (June 9, 1993), 9th Dist. No. 92CA005358, citing Diversified Mortgage Investors, Inc. v. Bd. ofRevision (1982), 7 Ohio App.3d 157, 159. In the instant case, appellant failed to produce any evidence in support of his claims for the trial court to consider with his response to appellee's motion for default judgment. Instead, appellant expected the trial court to simply take his word and recognize the purported pleadings existed without appellant properly admitting the pleadings into evidence to prove them as a matter of fact. SeeSchulte v. Johnson (1922), 106 Ohio St. 359, 364-365.
 {¶ 8} This Court also notes that appellant made no additional filings in the case, such as affidavits or other documents supporting his claims, other than his response to appellee's motion for default judgment. Appellant's failure to present evidence at the trial court level cannot now be remedied by arguing judicial notice should have been taken of proceedings from a separate case allegedly pending in the trial court.Hill; see, also, Diversified Mortgage Investors, Inc.,7 Ohio App.3d at 159. In light of the applicable law and facts in appellant's case, this Court cannot find the trial court abused its discretion in failing to give judicial notice of purported pleadings from another case.
 {¶ 9} Appellant's sole assignment of error is overruled.
 III. {¶ 10} Accordingly, the decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Slaby, P.J. and Batchelder, J., concur.