[Cite as *Maiorana v. Maiorana*, 2011-Ohio-4464.]

STATE OF OHIO      )            IN THE COURT OF APPEALS
                   )ss:          NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA      )

JENNIFER MAIORANA

     Appellee

     v.

STEVE MAIORANA

     Appellant
C.A. No.     10CA0060-M


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     00DR0999

<u>DECISION AND JOURNAL ENTRY</u>

Dated: September 6, 2011

---

CARR, Judge.

{¶1} Appellant, Steve Maiorana ("Father"), appeals the judgment of the Medina County Court of Common Pleas, Domestic Relations Division. This Court reverses.

I.

{¶2} In 2008, the domestic relations court issued an order, granting a downward deviation in the amount of Jennifer Maiorana's ("Mother") child support obligation. Father appealed and this Court reversed, concluding that the trial court's findings were speculative and without evidentiary support in the record. On remand to the domestic relations court, the magistrate held a hearing at which both Father and Mother testified. On June 15, 2009, the

magistrate issued a decision, again granting a downward deviation in the amount of Mother's child support obligation. Father filed timely objections. He argued that the magistrate again based her decision on mere speculation that the parties' incomes were disparate and that Husband was receiving a financial benefit from his remarriage because his current wife was entitled to receive $9600.00 per year for child support for two children of a prior relationship. Mother did not file a response.

{¶3} The domestic relations court held a hearing on Father's objections. On April 30, 2010, the trial court issued a judgment in which it overruled Father's objections, adopted the magistrate's decision, and ordered a downward deviation in Mother's child support obligation. Father filed a timely appeal, raising one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

"ON REMAND, THE TRIAL COURT ERRED IN ASSUMING THAT THERE IS $68,000.00 IN INCOME TO APPELLANT WHEN THERE IS NOT. THE TRIAL COURT IMPROPERLY ASSUMES THAT APPELLANT'S WIFE CAN COLLECT AN ADDITIONAL $9,000.00 (sic) IN CHILD SUPPORT, AND IMPROPERLY ASSUMES THERE IS SOME BENEFIT TO APPELLANT BY HIS MARRIAGE TO HIS WIFE AND THE ORIGINAL ASSIGNMENT OF ERROR WHICH FOLLOWS IS STILL CORRECT: THE TRIAL COURT ERRED BY DEVIATING APPELLEE'S CHILD SUPPORT OBLIGATION, TO AN AMOUNT LESS THAN SET BY LINE 23C OF THE CHILD SUPPORT CALCULATION SHEET."

{¶4} Father argues that the domestic relations court erred by premising the downward deviation in Mother's child support obligation on the unsubstantiated finding that Father derives a yearly $9000.00 (sic) benefit from child support that his current wife is entitled to receive. This Court agrees.

{¶5} A domestic relations court's decision to modify a child support order will only be reversed for an abuse of discretion. *Bettinger v. Bettinger*, 9th Dist. No. 22621, 2005-Ohio-

5389, at ¶7. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id. In making the determination whether to modify a support order, the trial court necessarily will make findings of fact. In this regard, the appellate court "should not reverse the factual findings of the trial court, where there is some competent and credible evidence in support of the trial court's findings." (Internal quotations omitted.) *Keller v. Keller*, 9th Dist. No. 04 CA0084, 2005-Ohio-3302, at ¶7.

{¶6} When any party seeks to modify an existing child support order, the domestic relations court must recalculate the support by using the appropriate child support calculation worksheet and schedule. *O'Neill v. Bowers*, 9th Dist. No. 21950, 2004-Ohio-6540, at ¶26, citing R.C. 3119.79(A). This Court has held that "a trial court may deviate from the amount of child support prescribed by use of the basic child support order and worksheet if (1) it finds that the amount determined under the schedule is unjust or inappropriate; (2) it finds that the child support amount calculated under the child support schedule would not be in the best interest of the child; and (3) it states its findings of fact that support its determination." *Calvaruso v. Calvaruso*, 9th Dist. No. 21392, 2003-Ohio-4906, at ¶9. R.C. 3119.23 lists sixteen factors the trial court may consider when determining whether to grant a deviation. Those factors include:

"(A) Special and unusual needs of the children;

"(B) Extraordinary obligations for minor children or obligations for handicapped children who are not stepchildren and who are not offspring from the marriage or relationship that is the basis of the immediate child support determination;

"(C) Other court-ordered payments;

"(D) Extended parenting time or extraordinary costs associated with parenting time, provided that this division does not authorize and shall not be construed as authorizing any deviation from the schedule and the applicable worksheet, through the line establishing the actual annual obligation, or any escrowing, impoundment, or withholding of child support because of a denial of or interference with a right of parenting time granted by court order;

"(E) The obligor obtaining additional employment after a child support order is issued in order to support a second family;

"(F) The financial resources and the earning ability of the child;

"(G) Disparity in income between parties or households;

"(H) Benefits that either parent receives from remarriage or sharing living expenses with another person;

"(I) The amount of federal, state, and local taxes actually paid or estimated to be paid by a parent or both of the parents;

"(J) Significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing;

"(K) The relative financial resources, other assets and resources, and needs of each parent;

"(L) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married;

"(M) The physical and emotional condition and needs of the child;

"(N) The need and capacity of the child for an education and the educational opportunities that would have been available to the child had the circumstances requiring a court order for support not arisen;

"(O) The responsibility of each parent for the support of others;

"(P) Any other relevant factor."

{¶7} In this case, the domestic relations court used the applicable child support worksheet to recalculate support and determined that Mother's annual child support obligation was $9,050.00. The trial court, however, concluded that that amount would be unjust and not in the best interests of the children and that a downward deviation of $2,544.00 was justified. In

reaching that conclusion, the trial court took judicial notice of a purported docket entry from the Summit County Clerk of Court's web site from a case involving Father's current wife. Based on the electronic docket entry, the trial court took judicial notice that Father's current wife was entitled to receive $800.00 per month in child support from the father of two of her children. The domestic relations court then found a disparity in the parties' incomes and that Father would benefit financially due to his remarriage because of his wife's potential receipt of $9,600.00 per year for child support. The domestic relations court noted the potential receipt of that child support money no fewer than five times and relied on that additional income in support of its conclusion that Father's household income was "clearly greater than [Mother's]" and that it would be unjust not to deviate Mother's child support obligation downward from the amount as calculated on line 23c of the child support worksheet.

{¶8} Father testified at the remand hearing that his current wife does not receive child support for her two children by a prior relationship. Mother did not present a certified copy of a public record or any other properly authenticated document to support a finding that Father's current wife receives or is entitled to receive $800.00 per month for child support for her two children by a prior relationship. See Evid.R. 901, 902. Instead, the domestic relations court merely took judicial notice of that information based on an electronic docket entry from the Summit County Clerk of Court's web site in what was described as case number 2000-07-6438. Father objected to the consideration of such information outside the scope of judicial notice.

{¶9} Evid.R. 201(A) allows courts to take judicial notice of adjudicative facts, i.e., the facts of the case. Evid.R. 201(B) states: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose

accuracy cannot reasonably be questioned." This Court has held that a trial court "may only take judicial notice of prior proceedings in the immediate case." *In re J.C.*, 186 Ohio App.3d 243, 2010-Ohio-637, at ¶14; see, also, *Patel v. Gadd*, 9th Dist. No. 21604, 2004-Ohio-436, at ¶7 (emphasizing that a trial court may not even take judicial notice of its own prior proceedings in other cases, even if the other proceedings involved the same parties and the same judge presided over the case.)

{¶10} The domestic relations court took judicial notice of prior proceedings in another case in another county. It relied on that information to find a disparity in the parties' incomes and that Father benefitted in the annual amount of $9,600.00 due to his current wife's right to receive child support for two other children. See R.C. 3119.23(G) and (H). The trial court erred in taking judicial notice of the electronic docket entry regarding Father's current wife. It, therefore, improperly considered and relied on that information. The only properly admitted evidence presented at the hearing regarding Father's current wife's receipt of child support was Father's testimony that his wife was not receiving child support for her two children from a prior relationship. Accordingly, there was no competent and credible evidence to support the trial court's finding regarding the disparity in the parties' incomes and the benefit Father received due to his remarriage. Therefore, the domestic relations court's conclusion that Mother was entitled to a downward deviation in her child support obligation was unreasonable and the trial court abused its discretion by so granting the deviation. Father's assignment of error is sustained.

## III.

{¶11} Father's sole assignment of error is sustained. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
CONCURS

BELFANCE, P. J.,
DISSENTS, SAYING:

{¶12} I respectfully dissent, as I would conclude that the trial court did not abuse its discretion in concluding that Mother was entitled to a downward deviation in her child support obligation. While the trial court improperly took judicial notice of prior court proceedings

involving Father's new wife, the information gleaned from those proceedings was not the sole basis upon which the trial court concluded that deviation was appropriate. The trial court's entry makes it clear that it considered and relied upon other evidence including the parties' 2007 income tax returns. The trial court noted that Mother's budget is "bare-bones" and that if Mother "is forced to pay the entire child support amount as calculated, she will not be able to satisfy her other basic financial obligations." The trial court's detailed judgment entry discusses the multiple factors relevant to determining if a deviation is appropriate and the evidence it adduced that was relevant to those factors. As the trial court could have properly found a downward deviation appropriate even without considering the improper evidence, I would conclude the trial court did not abuse its discretion; any consideration of the improper evidence was harmless.

APPEARANCES:

L. RAY JONES, Attorney at Law, for Appellant.

JENNIFER MAIORANA, pro se, Appellee.