[Cite as *Eckmeyer v. McNealis*, 2016-Ohio-7276.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| KEITH ECKMEYER, et al. | C.A. No.     27707 |
| Appellants | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JARED MCNEALIS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No.     CV 2014-02-0698 |

DECISION AND JOURNAL ENTRY

Dated: October 12, 2016

CARR, Judge.

{¶1}     Appellant, Keith Eckmeyer, appeals the judgment of the Summit County Court of Common Pleas.  This Court reverses and remands.

I.

{¶2}     The matter arises out of a traffic accident involving Keith Eckmeyer and Jared McNealis.  On February 11, 2014, Eckmeyer filed a negligence action against McNealis in the Summit County Court of Common Pleas.  The complaint also contained a claim for loss of consortium filed on behalf of Eckmeyer's wife, Regina.  McNealis filed an answer denying liability and asserting numerous affirmative defenses.  The matter proceeded to trial and the jury returned a verdict in favor of McNealis.  Eckmeyer filed a timely notice of appeal.

{¶3}     On appeal, Eckmeyer raises two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION, AND IRREPARABLY SKEWED THE PROCEEDINGS, BY ALLOWING THE INTRODUCTION OF, AND TAKING JUDICIAL NOTICE OF, A SEPARATE LAWSUIT THAT HAD BEEN FILED AGAINST PLAINTIFF-APPELLANT.

{¶4} In his first assignment of error, Eckmeyer contends that the trial court abused its discretion by admitting evidence regarding a separate lawsuit that had been filed against him, and subsequently taking judicial notice of that lawsuit. This Court agrees.

**Background**

{¶5} On March 15, 2011, Eckmeyer's Chevrolet S-10 collided with McNealis' Mazda 6 at the intersection of West Main Street and South Mantua Street in Kent, Ohio. Eckmeyer's friend James Chase was a passenger in Eckmeyer's vehicle at the time of the accident. McNealis was not carrying any passengers. Chase was taken away from the scene in an ambulance. While Eckmeyer did not immediately seek medical care, he subsequently needed extensive treatment for a variety of medical issues. Both Eckmeyer and McNealis claimed that they entered the intersection when the traffic light was green. When asked at trial about the color of the traffic light, McNealis testified, "It was green as I was approaching it and green as I was traveling through it." Eckmeyer sharply disputed this testimony, insisting that the light turned green just before he entered the intersection. Eckmeyer further testified that McNealis was using his cell phone at the time of the accident and that, upon exiting his vehicle after the crash, McNealis placed an "orange drink" down on the street. McNealis denied using his cell phone or drinking a beverage at the time of the collision.

{¶6} The credibility of the drivers involved in the accident was the central issue throughout trial. Both parties presented ample evidence at trial and made persuasive arguments

in support of their respective positions. On cross-examination of Eckmeyer, defense counsel attempted to attack his credibility by suggesting that his good friend, Chase, would not have filed a lawsuit against Eckmeyer unless he was responsible for the accident. After establishing that Eckmeyer and Chase were "just like brothers," defense counsel asked Eckmeyer whether, despite that relationship, Chase had sued Eckmeyer after the accident. Eckmeyer's attorney objected but the objection was overruled by the trial court. Eckmeyer responded that it was his understanding that Chase had sued both drivers involved in the accident. When Eckmeyer testified that he was not familiar with the substance of the lawsuit, defense counsel offered to let Eckmeyer review a copy of the complaint. After the attorneys discussed the issue with the trial court at sidebar, the trial court indicated that it would put the result of the sidebar on the record during a break. Defense counsel persisted in his questioning, again asking if Chase sued Eckmeyer for causing the accident. Eckmeyer responded that he did not believe that was the case. The trial court then stated, "The Court will take judicial notice of the fact there was a lawsuit filed but I'm not going to allow the pleading to come in." The trial court then informed the jury, "You are to accept that as fact and you'll go on to determine what's significant."

{¶7} During a subsequent conversation outside the presence of the jury, defense counsel attempted to alter his rationale for introducing the Chase lawsuit. The trial court was unpersuaded and stated, "You were trying to argue that [Eckmeyer] was sued by his friend and, therefore, he may be responsible for being negligent." Because Chase was not available for trial, his deposition was read into the record. During his deposition, Chase stated that the light was green when Eckmeyer entered the intersection and was stuck by McNealis.

### Discussion: Evid.R. 403 & Judicial Notice

**{¶8}** Eckmeyer contends that the trial court undermined the integrity of the trial by permitting testimony about the separate lawsuit that Chase filed against Eckmeyer and then subsequently taking judicial notice of that lawsuit.

**{¶9}** McNealis raises the threshold question of whether Eckmeyer preserved the judicial notice issue for appeal. As discussed above, Eckmeyer objected to the admission of evidence regarding the significance of the Chase lawsuit that named Eckmeyer as a defendant. After a sidebar, the trial court denied McNealis' request to introduce the pleadings from the Chase lawsuit but took judicial notice of the fact Chase had sued Eckmeyer and it asked the jury to determine the significance of that fact. Subsequently, outside the presence of the jury, the trial court allowed the parties to put the result of the sidebar on the record. After a discussion of the judicial notice ruling by the trial court, counsel for Eckmeyer interjected and reminded the court that he had objected. While the exact grounds for the objection are not apparent, it is clear that counsel wanted the record to reflect that he objected to the trial court's resolution of that issue. Under these circumstances, we cannot conclude that Eckmeyer failed to preserve the issue for appeal, particularly in light of the fact that the issues surrounding the Chase lawsuit were intertwined. *See* Evid.R. 103(A)(1); *State v. Collins*, 9th Dist. Summit No. 22333, 2005-Ohio-2812, ¶ 14.

**{¶10}** A trial court's decision to admit or exclude evidence on the basis of Evid.R. 403 is reviewed for an abuse of discretion. *State v. Harmon*, 9th Dist. Summit No. 24495, 2009-Ohio-4512, ¶ 11. A trial court's decision to take judicial notice of a fact is also reviewed for an abuse of discretion. *State v. Johnson*, 9th Dist. Summit No.

22688, 2006-Ohio-1313, ¶ 27. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶11} Evid.R. 403(A) states that "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." In addition to making a determination whether a piece of evidence is relevant, "Evid.R. 403 requires a court to weigh the probative value of the evidence against the danger of unfair prejudice, confusion of the issues, or misleading the jury and to exclude evidence more prejudicial then probative." *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, ¶ 87.

{¶12} With respect to judicial notice, Evid.R. 201(B) provides that a court may take judicial notice of a fact not subject to reasonable dispute that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Johnson*, 2006-Ohio-1313, at ¶ 27, quoting Evid.R. 201(B). "In a civil action or proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed." Evid.R. 201(G). A trial court may take judicial notice of prior proceedings in the immediate case. *Maiorana v. Maiorana*, 9th Dist. Medina No. 10CA0060, 2011-Ohio-4464. ¶ 9. We stress, however, that a trial court may not take judicial notice of proceedings in a separate case, even if that separate case involved the same parties and the same judge presided over the case. *Maiorana* at ¶ 9, citing *Patel v. Gadd*, 9th Dist. Summit No. 21604, 2004-Ohio-436, ¶ 7; *Charles v. Conrad*, 10th Dist. Franklin No. 05AP-410, 2005-Ohio-6106, ¶ 26.

**{¶13}** In this case, the trial court abused its discretion by permitting defense counsel to cross-examine Eckmeyer on the subject of whether the mere filing of the separate Chase lawsuit demonstrated that Eckmeyer was responsible for the accident. "Evid.R. 403 limits the admissibility of *relevant* evidence." *Harmon*, 2009-Ohio-4512, at ¶ 12. The mere filing of a separate lawsuit, absent any context about the pleadings or nature of that case, does not make any fact of consequence in the instant matter more or less probable. Despite consistent denials by Eckmeyer, the trial court permitted a line of questioning where defense counsel insinuated that Eckmeyer's good friend would not have filed a lawsuit against him unless Eckmeyer was responsible for the accident. Even assuming that the filing of the separate lawsuit was relevant, the probative value was vastly outweighed by the danger of unfair prejudice and confusing the jury. Moreover, the trial court further complicated matters by taking judicial notice of the filing of the Chase lawsuit and then instructing the jury to "accept that as fact" and "determine what's significant." A trial court is not permitted to take judicial notice of separate actions and doing so in this case undermined the jury's ability to make a fair determination about Eckmeyer's credibility. *See Maiorana* at ¶ 9. Given the circumstances of this case, we are compelled to conclude that the trial court abused its discretion when it permitted a line of questioning which misrepresented the significance of the separate lawsuit and then subsequently took judicial notice of that lawsuit.

**{¶14}** In his merit brief, McNealis argues that any prejudice to Eckmeyer was offset by the fact that Chase's deposition was read into the record and the trial court instructed the jury to consider the deposition testimony as evidence. In his deposition, Chase testified that the light was green when Eckmeyer entered the intersection. Chase further testified that as Eckmeyer entered the intersection, Chase noticed that McNealis was not going to stop. When asked when

the light changed, Chase answered, "I imagine [it changed] after we got hit."  This matter hinges entirely on credibility.   By allowing the jury to consider the fact that Chase filed a lawsuit, the trial court allowed McNealis to impeach Chase's deposition testimony, creating the impression that Chase thought Eckmeyer was at fault for the accident and that Chase's deposition testimony was no longer credible.  The manner in which the Chase lawsuit was presented to the jury served only to mislead the jury and create unfounded speculation.  In light of the foregoing, we cannot accept McNealis' contention that Eckmeyer was not prejudiced.

{¶15}  The first assignment of error is sustained.

### ASSIGNMENT OF ERROR II

PLAINTIFF-APPELLANTS WERE DENIED THEIR RIGHT TO CROSS EXAMINATION BY THE TRIAL COURT'S REFUSAL TO PERMIT POTENTIALLY RELEVANT QUESTIONING OF DEFENSE WITNESSES.

{¶16}  In his second assignment of error, Eckmeyer contends he was denied his right to cross-examine a defense witness.  As our resolution of the first assignment of error is dispositive of this appeal, we decline to address Eckmeyer's second assignment of error as it has been rendered moot.  *See* App.R. 12(A)(1)(c).

### III.

{¶17}  Eckmeyer's first assignment of error is sustained.  This Court declines to address the second assignment of error as it is moot.  The judgment of the Summit County Court of Common Pleas is reversed and remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

W. CRAIG BASHEIN and THOMAS J. SHEEHAN, Attonreys at Law, for Appellant.

PAUL W. FLOWERS, Attorney at Law, for Appellant.

ROBERT B. SUTHERLAND, Attorney at Law, for Appellee.